IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on April 26, 2016


**LORI KAY JONES TRIGG v. RICHARD DARRELL TRIGG**


**Appeal from the Circuit Court for Hawkins County**
**No. 12CV150      R. Jerry Beck, Judge**




**No. E2016-00695-COA-T10B-CV – Filed April 27, 2016**


This is an interlocutory appeal as of right, pursuant to Rule 10B of the Rules of the Supreme Court of Tennessee, from the denial of a motion for recusal filed by Richard Darrell Trigg ("Former Husband") in the parties' post-dissolution proceedings. Having reviewed the petition for recusal appeal filed by Former Husband, and finding no error in Trial Court's ruling, we affirm.


**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

D. MICHAEL SWINEY, C.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, J.J., joined.

Richard Darrell Trigg, Rogersville, Tennessee, appellant, *pro se*.

Gregory W. Francisco, Kingsport, Tennessee, for the appellee, Lori Kay Jones Trigg.

**OPINION**

      The parties' have been divorced for several years. In January of 2015, this Court affirmed the denial of Former Husband's motion seeking to set aside the parties' divorce judgment on grounds that he was under duress at the time he entered into the Marital Dissolution Agreement ("MDA"), which was incorporated into the final divorce judgment. See generally Trigg v. Trigg, ___ S.W.3d ___, 2015 WL 66544 (Tenn. Ct. App., Eastern Division, Jan. 5, 2015).

In June of 2015, Former Husband filed a motion seeking to delay implementation of the divorce judgment and challenging the validity of the judgment on grounds that Lori Kay Jones Trigg ("Former Wife") had not be competent to sign the MDA. That motion was denied by Judge R. Jerry Beck, sitting by designation in the parties' divorce and post-dissolution proceedings since the recusal of the Circuit Court Judge for Hawkins County in late 2014.

In January of 2016, Former Husband filed a complaint with the Tennessee Board of Judicial Conduct against Judge Beck based upon his denial of the June 2015 motion challenging the divorce judgment. In March of 2016, Former Husband filed another motion that, among other things, again challenged the validity of the divorce judgment, sought to stay enforcement of certain provisions of the divorce judgment, and sought to recuse Judge Beck. In support of his bid to recuse Judge Beck, Former Husband relied on the complaint he had filed with the Board of Judicial Conduct, which he referred to in his motion as the Court of the Judiciary.[1] In an amended affidavit filed in support of the motion, Former Husband asserted that Former Wife's family had manipulated her into dissolving her marriage with Former Husband. Specifically, Former Husband stated that Former Wife's uncle, who is an attorney, took advantage of Former Wife's "mental health issues" in convincing her to file for divorce. Former Husband then stated: "The complaint filed with the Court of the Judiciary was in regards to [Former Wife's uncle] using his political and legal clout in the [S]tate of Tennessee to manipulate Judge Beck." Former Husband indicated in his affidavit that Former Wife's uncle was "close friends" with "several Judges." Former Husband further stated that "[s]everal decisions have been made by Judge Beck subsequent to me filing this complaint that lead me to believe they are vindictive, and his presiding over this case will prevent me from receiving full, fair, and impartial administration of justice." Former Husband then listed several instances during the course of the proceedings in which he believed Judge Beck's actions with regard to rulings and enforcement of the judgment demonstrated his bias against Former Husband.

Judge Beck initially denied the recusal portion of Former Husband's motion both on procedural and substantive grounds. Judge Beck indicated that Former Husband's motion originally had not been accompanied by a properly sworn to affidavit as required by Rule 10B, section 1.01 of the Rules of the Supreme Court of Tennessee, which states: "The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials." Judge Beck also noted that Former Husband's motion did not expressly stated that it was not being presented "to harass

---

[1]The Court of the Judiciary ceased to exist on June 30, 2012, and was replaced by the Board of Judicial Conduct.

or cause unnecessary delay" as is also required by Rule 10B, section 1.01 of the Rules of the Supreme Court of Tennessee. While Judge Beck acknowledged that Former Husband had filed a complaint with the Board of Judicial Conduct, he made clear that said complaint already had been dismissed. Judge Beck also stated unequivocally that he did not know Former Wife's uncle except for "when he appeared in court" with Former Wife, that he had no knowledge of Former Wife's uncle's clients or family, and that he did not know "whether or not [Former Wife's uncle was] connected to the governor's office." Judge Beck denied that Former Wife's uncle had ever "manipulated the judge," and stated that all dealings with attorneys occurred in open court. After Former Husband submitted his properly sworn to amended affidavit in support of the motion, Judge Beck entered a second order reaffirming his initial ruling on the motion "except to say the amended motion was sworn to."

## ANALYSIS

Appeals from orders denying motions to recuse or disqualify a trial court judge from presiding over a case are governed by Rule 10B of the Rules of the Supreme Court of Tennessee. Pursuant to section 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal of a trial court judge. The appeal is effected by filing a "petition for recusal appeal" with the appropriate appellate court. Tenn. Sup. Ct. R. 10B, § 2.02. The petition for recusal appeal "shall be accompanied by copies of any order or opinion [of the trial court] and any other parts of the record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03. "If the appellate court, based upon its review of the petition and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court." Tenn. Sup. Ct. R. 10B, § 2.05. Rule 10B goes on to provide that "[t]he appeal shall be decided by the appellate court on an expedited basis upon a de novo standard of review. The appellate court's decision, in the court's discretion, may be made without oral argument." Tenn. Sup. Ct. R. 10B, § 2.06. While not explicitly stated as such in the rule, it is clear that the only record the appellate court generally will have in expedited appeals under Rule 10B is the record provided by the appellant with his or her petition pursuant to the mandatory language of section 2.03 of the rule.

We have determined in this case after a review of the petition, and supporting documents submitted with the petition, that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Former Husband does not demonstrate error by the Trial Court Judge in the denial of the motion to recuse. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B.

Without question, "[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right." Bean v. Bailey, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting State v. Austin, 87 S.W.3d 447, 470 (Tenn. 2002)); see also Tenn. Const. Art. VI, § 11. This constitutional right "is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'" Id. (quoting Austin, 87 S.W.3d at 470). "[P]reservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." Kinard v. Kinard, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998); see also Offutt v. United States, 348 U.S. 11, 14 (1954) (holding that "justice must satisfy the appearance of justice"). As such, Rule 2.11(A) of the Code of Judicial Conduct as set forth in Rule 10 of the Rules of the Supreme Court of Tennessee requires a judge to recuse himself or herself "in any proceeding in which the judge's impartiality might reasonably be questioned." See also Smith v. State, 357 S.W.3d 322, 341 (Tenn. 2011)(noting that recusal is required, even if a judge subjectively believes he or she can be fair and impartial, whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias'")(quoting Bean, 280 S.W.3d at 805).

The terms "bias" and "prejudice" generally "refer to a state of mind or attitude that works to predispose a judge for or against a party"; however, "[n]ot every bias, partiality, or prejudice merits recusal." Alley v. State, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). To merit disqualification of a trial judge, "prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'" Id. However, "[i]f the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge." Id. In addition, "[a] trial judge's adverse rulings are not usually sufficient to establish bias." State v. Cannon, 254 S.W.3d 287, 308 (Tenn. 2008). "Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." Alley, 882 S.W.2d at 821; see also State v. Reid, 313 S.W.3d 792, 816 (Tenn. 2006).

As the Trial Court Judge concluded in the order on review, there are no facts alleged or shown in the record that would lead a well-informed, disinterested observer to question the impartiality of the Judge in this case. It cannot be argued that the Judge had a duty to recuse himself simply because Former Husband is dissatisfied with the rulings against him. Moreover, we agree that the Trial Court Judge need not have even reached the merits of the motion because Former Husband failed to include in either his motion or affidavit in support of the motion the assertions of fact required by the rule. See Tenn. Sup. Ct. R. 10B, § 1.01

4

("The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.").

## CONCLUSION

Having determined that the record provided by Former Husband does not demonstrate error, we affirm the Trial Court's denial of the motion seeking recusal. Former Husband is taxed with the costs of this appeal, for which execution may issue. This case is remanded for further proceedings as necessary and for collection of the costs below.

_____
D. MICHAEL SWINEY, CHIEF JUDGE